[Decided June 1, 1897.]

## BURROWS v. PARKER.

(48 Pac. 1100.)

EXECUTION SALE— EQUITABLE RELIEF AGAINST MISTAKE.—Where, by mutual mistake, a deed describes property other than that purchased, and the land described in the deed is sold on execution against the vendee, the sale is void; and equity cannot, at the instance of a grantee of a purchaser at the execution sale, correct the error so as to give him title to the land actually purchased by the vendee.

From Baker: ROBERT EAKIN, Judge.

Cross bill by C. E. Burrows and others against J. H. Parker. There was a decree striking out the cross bill, and plaintiffs appeal.

AFFIRMED.

For appellants there was a brief over the name of *Olmstead & Courtney,* with an oral argument by *Mr. Martin L. Olmstead.*

For respondent there was a brief over the name of *Butcher & Estham,* with an oral argument by *Mr. W. F. Butcher.*

Opinion by MR. JUSTICE BEAN.

In January, 1897, the defendant Parker commenced an action at law against the plaintiffs to recover possession of certain real property in Baker City, and damages for the unlawful detention thereof. The defendants in that action (the plaintiffs here) appeared, and filed an answer, denying specifically all the material allegations of the complaint, and at the same time, as plaintiffs, filed their complaint in equity, setting up and alleging facts which they claim require the interposition of a court of equity, and are material for their defense in the law case. This complaint or cross bill was stricken out on motion, and the plaintiffs appeal.

By the alleged cross bill it is averred, substantially, that on the seventeenth day of September, 1888, the Baker City Gas & Electric Light Company, being desirous of obtaining a tract of land upon which to build and construct its proposed gas plant, buildings, machinery and appliances, authorized and empowered the defendant Parker, its president and manager, to purchase a suitable site for that purpose, and to take the deed in his own name, as security for the purchase price which he agreed to advance for the benefit of the corporation. In pursuance of this arrangement, Parker purchased the tract of land in controversy from L. O. Stearns and wife, in September, 1888, paying therefor the sum of $1,000; but by a mutual mistake of the parties, the land actually purchased was not described in the deed to Parker, but the premises purported to be conveyed thereby were situated some two hundred feet south thereof. The gas company, in ignorance of this mistake, immediately

went into possession of the land actually purchased by Parker, and erected thereon a gas plant, machinery, fixtures and appliances at an outlay of some $12,000, and occupied the same until it surrendered possession thereof to the purchaser at the execution sale on the Basche judgment hereinafter referred to. On November 4, 1890, while the company was in possession of the property, and conducting and operating its plant, P. Basche & Co. recovered a judgment against it for $924.37, and on June 22, 1893, Balfour, Guthrie & Co. also recovered a judgment for $1,-109.50, each of which judgments was duly docketed in the judgment lien docket of Baker County. Thereafter an attempt was made to sell the property of the gas company under an execution issued on the Basche judgment, but it was described in the notice of sale and order of confirmation the same as in the deed from Stearns to Parker. At this sale, Basche & Co. became the purchasers for the sum of $650, and thereafter Balfour, Guthrie & Co., by virtue of their judgment, redeemed or attempted to redeem, and immediately went into possession of the property, and thereafter received from the sheriff a deed of conveyance in which the same error of description occurred. On February 8, 1895, and while in possession of the property, Balfour, Guthrie & Co. discovered the mistake in the Parker deed, and immediately obtained a deed of correction from the Stearns. heirs, and thereafter sold and conveyed the property and appurtenances to the plaintiffs in this suit for the sum of $2,000. On May 30, 1895, Parker, having in the meantime discovered the error in his deed, brought

suit against the Stearns heirs (the original grantors having died), to compel a correction of the error in the deed from their ancestors to him, and obtained a decree to that effect in July, 1895. The complaint further alleges that all the money advanced by Parker to purchase the land in controversy from Stearns was repaid to him by the gas company prior to the sale or attempted sale under the Basche judgment, except the sum of $125, which the plaintiffs and their predecessors in interest have duly tendered to him, and, by their complaint, offer to pay such amount, or any other sum for which it may be found Parker is entitled to hold the title of the land in controversy as security.

The motion to strike out the cross bill is based upon two grounds: First, that the answer in the law case, being a specific denial of every material allegation of the complaint, is, if true, a complete defense at law, and therefore resort cannot be had to equity; and, second, the facts as alleged in the cross bill do not entitle the plaintiffs to any relief requiring the interposition of a court of equity, and material to their defense in an action at law. As we are all clearly of the opinion that the motion should be sustained upon the second ground, we shall pass, without deciding, the question of practice raised by the first.

The cross bill is framed, and counsel's argument proceeds on the theory, that, while absolute in form, the deed under which Parker claims was intended, and is, as between him and the gas company, a mortgage to secure the payment of money, and that the plaintiffs are the sucessors in interest of that corpora-

tion, and, as such, are entitled to redeem. They claim this right by virtue of the execution sale on the Basche judgment, but, unless that sale operated to transfer the interest of the gas company in the property in controversy to the purchaser thereat, the plaintiffs have no such right. If Parker holds the title to the property as the mortgagee of the gas company, it probably has a right to redeem from him, but no other person can exercise that right unless as its successor in interest. Now, from the allegations of the bill it appears and is admitted that no attempt was ever made to sell or convey, by sheriff's deed, the property in controversy, or any interest therein; but an entirely different tract of land is described throughout the entire proceedings, and hence the alleged sale is absolutely void, and conveys no title whatever if it be conceded that an equitable interest in real estate is subject to sale under execution. Nor can a court of equity correct mistakes of this kind in proceedings to enforce judgments at law. The rule of *caveat emptor* applies with all its rigor to such sales. In the absence of fraud, the buyer must look out for himself. He is presumed to purchase with his eyes open, and with full knowledge of the proceedings upon which the validity of his title must depend. The law requires the performance of certain conditions before the title of one person can be involuntarily transferred to another, and a court of equity has no more power than a court of law to dispense with any of them. This being so, it is manifest that the purchaser at the execution sale under the Basche judgment acquired no title whatever, either legal or equitable, to the prop-

erty in controversy; and, of course, the successor in
interest of such purchaser could be in no better posi-
tion.    It follows, therefore, that plaintiffs do not show
by their alleged cross bill such a state of facts as en-
titles them to redeem from the Parker mortgage, and
hence the court did not err in sustaining the motion
to strike out the cross bill.    It follows that the decree
of the court below must be affirmed, and it is so or-
dered.

AFFIRMED.